USDC SCAN INDEX SHEET










```
JAH    1/17/06    13:23
3:03-CV-01726    THOMPSON V. SOSA
*205*
*OPPM.*
```

Michael J. Pérez, State Bar No. 151039
Nykia J. Wilson, State Bar No. 224135
PÉREZ & WILSON LLP
1420 Kettner Boulevard, Suite 600
San Diego, California 92101
Telephone: 619.702.8044
Facsimile: 619.460.0437
perez@perezwilson.com

Attorneys for Defendants WILLIAM SOSA and WILLIAM HALL, JR.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS RAY THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM SOSA; ROBERT M. SELLERS; WILLIAM HALL, JR.; SYLVIA VARGAS; SANTA FIGUEROA; and I. TABAREZ,<br><br>Defendants. | Case No. 03 CV 1726 IEG (BLM)<br><br>**DEFENDANT WILLIAM SOSA'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER COMPELLING DEFENDANT WILLIAM SOSA TO PRODUCE DISCOVERY PURSUANT TO FRCP 26 AND FRCP 37**<br><br>Date: January 27, 2006<br>Time: 9:00 a.m.<br><br>Judge: Hon. Barbara L. Major<br><br>Trial: None Set |

Defendant William Sosa ("Sergeant Sosa") hereby submits this Opposition to plaintiff's Travis Ray Thompson's ("Plaintiff") motion for order compelling Sergeant Sosa to produce discovery pursuant to Federal Rules of Civil Procedure 26 and 37:[1]

///

---

[1] Sergeant Sosa filed an Objection to Plaintiff's Motion for Order Compelling Defendant William Sosa to Produce Discovery Pursuant to FRCP 26 and FRCP 37 on January 9, 2006. The Court has not yet had an opportunity to rule on Sergeant Sosa's Objection, thereby necessitating this Opposition.

## I. INTRODUCTION

As discussed in Sergeant Sosa's Objection to Plaintiff's Motion for Order Compelling Defendant William Sosa to Produce Discovery Pursuant to FRCP 26 and FRCP 37, filed on January 9, 2006, plaintiff Travis Ray Thompson ("Plaintiff") failed to follow the meet-and-confer requirements for discovery disputes set forth in both the Federal Rules of Civil Procedure and the Local Rules. Moreover, Sergeant Sosa has ***still not received*** Plaintiff's Motion for Order Compelling Defendant William Sosa to Produce Discovery Pursuant to FRCP 26, and 37 ("Plaintiff's Motion"), which was apparently sent via U.S. Mail over one month ago as certified in Plaintiff's Proof of Service. Finally, Plaintiff's Motion fails to recognize that Sergeant Sosa has properly responded to each and all of Plaintiff's discovery requests. The fact that Plaintiff does not like Sergeant Sosa's responses is not a valid reason to file a motion to compel.[2]

## II. PLAINTIFF FAILED TO MEET-AND-CONFER REGARDING THE DISCOVERY RESPONSES

Plaintiff did not meet the requirements of Federal Rule of Civil Procedure 37(a)(2)(A) and Local Rule 26.1 by failing to meet-and-confer with counsel for defendants regarding his objections to Sergeant Sosa's responses to his discovery requests. See Affidavit of Michael J. Pérez in Opposition to Plaintiff's Motion for Order Compelling Defendant Sosa to Produce Discovery Pursuant to FRCP 26 and FRCP 37 ("Pérez Aff."), ¶ 2. Federal Rules of Civil Procedure, Rule 37(a)(2)(A), provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Similarly, Local Rule 26.1(a) states that "[t]he court shall entertain no motion pursuant to Rules 26 through 37, Fed.R.Civ.P., unless counsel shall have previously met and conferred concerning all disputed issues," and Local Rule 26.1(b) adds, "[a]t the time of filing any motion with respect to Rules 26 through 37, Fed.R.Civ.P., counsel for the moving party shall serve and file a certificate of

---

[2] Plaintiff's Motion was "construed as" a motion to compel by the Court in its Order Setting Special Briefing Schedule for Plaintiff's Motion to Compel Additional Discovery Responses from Defendant William Sosa (the "Order").

2   Case No. 03cv1726 IEG (BLM)

compliance with this rule." Plaintiff's motion includes no such certification, because he never attempted to meet-and-confer with counsel for Sergeant Sosa by notifying them that he viewed Sergeant Sosa's discovery responses to be deficient in any way. Pérez Aff., ¶ 2. The fact that Plaintiff is representing himself in this litigation does not excuse him from this requirement; the Court should not permit Plaintiff to ambush Sergeant Sosa and his counsel with an unexpected motion to compel. Therefore, this Court should deny Plaintiff's Motion in its entirety.

### III. SERGEANT SOSA HAS SUFFERED UNDUE PREJUDICE BECAUSE HE HAS NOT YET RECEIVED PLAINTIFF'S MOTION VIA U.S. MAIL

Sergeant Sosa has suffered undue prejudice as a result of the events surrounding Plaintiff's Motion. First, Sergeant Sosa has yet to receive Plaintiff's Motion via U.S. Mail. Pérez Aff., ¶ 3. The Proof of Service attached to Plaintiff's 68-page declaration states that Plaintiff mailed his Motion on December 6, 2006; however, Sergeant Sosa has yet to receive it via U.S. Mail. Id. Moreover, counsel for Defendants only learned of Plaintiff's Motion on January 9, 2006, when they received the Order from the Court via facsimile on that date. Id. at ¶ 4. Upon receipt of the Order, counsel for Sergeant Sosa had no choice but to retrieve Plaintiff's Motion from PACER on the web.[3] Id. at ¶ 5. This, along with the very short briefing schedule set by the Court regarding Plaintiff's Motion, the fact that Plaintiff failed to meet-and-confer prior to filing his Motion, and the fact that Plaintiff provided a detailed 68-page declaration in support of his Motion, has caused Sergeant Sosa to suffer undue prejudice by making it impossible for Sergeant Sosa to effectively and fully respond to Plaintiff's Motion. Id. at ¶ 6. As a result, Plaintiff's Motion must be denied.

### IV. SERGEANT SOSA PROPERLY RESPONDED TO PLAINTIFF'S DISCOVERY REQUESTS

Many of Plaintiff's "justifications" to compel Sergeant Sosa to produce additional discovery responses are centered around his vague and irrelevant theories regarding a supposed conspiracy to harm him. See generally Affidavit of Travis R. Thompson in Support of Motion for Order to Compel Defendant Sosa to Produce Discovery ("Plaintiff's Aff."). However, there is not

---

[3] The U.S. District Court for the Southern District of California charges each party an administrative fee for every page downloaded from PACER.

1  a conspiracy claim in this litigation. Moreover, most of Plaintiff's other "justifications" to compel
2  Sergeant Sosa to produce additional discovery responses are based on the fact that Plaintiff simply
3  disagrees with, does not like, or believes he has evidence contrary to, Sergeant Sosa's responses.
4  See generally Plaintiff's Aff. None of these "justifications" are proper,[4] nor do they require
5  Sergeant Sosa to supplement his discovery responses.

6  The bottom line is this: Sergeant Sosa has produced all relevant, non-privileged documents
7  in his possession, custody, or control, and has provided good faith responses to Plaintiff's
8  interrogatories and requests for admission pursuant to the Federal Rules of Civil Procedure. Pérez
9  Aff., ¶ 7. As a result, this Court should deny Plaintiff's Motion.

## V. CONCLUSION

For the reasons set forth above, this Court should deny Plaintiff's Motion for Order Compelling Defendant William Sosa to Produce Discovery Pursuant to FRCP 26, and 37. In the alternative, Sergeant Sosa respectfully requests that this Court order Plaintiff to follow the meet-and-confer requirements of Federal Rules of Civil Procedure, Rule 37, and Local Rule 26.1, and postpone the hearing on Plaintiff's Motion until such time a hearing becomes necessary.

DATED: January 13, 2006          PEREZ & WILSON LLP

By: _____
Michael J. Pérez
Nykia J. Wilson
Attorneys for Defendants WILLIAM SOSA and
WILLIAM HALL, JR.

---

[4] Plaintiff's Motion and his "justifications" are vague, ambiguous, argumentative, improperly seek responses beyond the scope of permissible discovery, and wholly irrelevant to this litigation.